IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERINE DIMECURIO,

    Petitioner,               No. 2:11-cv-3231 KJN P

    vs.

YOLO COUNTY,

    Respondent.             ORDER TO SHOW CAUSE

_____/

        Petitioner is presently held in the Yolo County Jail. Petitioner is proceeding without counsel, and has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a); 1915(a).

        In addition, the relief sought in the petition shows petitioner is not seeking habeas relief. Federal courts may intervene in the state judicial process only to correct constitutional violations. Engle v. Isaac, 456 U.S. 107 (1983). A federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Estelle v. McGuire, 502 U.S. 62 (1991).

Here, petitioner is not alleging she is "in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is not challenging her conviction or sentence. Rather, petitioner contends she is not being transferred to a particular housing unit to be able to participate in work study. (Dkt. No. 1 at 3.) It is well established that an inmate has no right to be held at any particular prison, or at any particular level of custody. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). This limitation is true even if the conditions of confinement change radically because of transfer or placement. Olim, 461 U.S. at 238; Meachum, 427 U.S. at 215. Thus, the failure of respondent to place petitioner in a particular housing unit does not violate a constitutional right.

Petitioner also alleges she is not receiving rehabilitation for her addiction. However, prisoners have no general constitutional right to participate in a specific rehabilitation program. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (an inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials). The Ninth Circuit has also held that there is no constitutional right to a prisoner's rehabilitation under the Fourteenth Amendment. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty interest in remaining at San Quentin); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Other circuits have reached the same conclusion. See, e.g., Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir. 1982) ("[F]ailure to provide a rehabilitation . . . does not, by itself, constitute cruel and unusual punishment."); Fiallo v. de Batista, 666 F.2d 729, 730 (1st Cir. 1981) (inmates have no constitutional right to rehabilitation programs such as treatment for addictions); Solomon v. Benson, 563 F.2d 339, 342 (7th Cir.1977) ("[A] prisoner has no statutory or constitutional entitlement in classification and rehabilitative programs sufficient to invoke due process."). Thus, petitioner's claim of a constitutionally-protected right to participate in rehabilitation for alcohol addiction has no legal basis.

1    Because this action does not sound in habeas, it should be dismissed.  Moreover, the court will not construe petitioner's filing as a civil rights complaint, as the allegations set forth in the petition fail to state a cognizable civil rights claim.[1]  However, in an abundance of caution, petitioner will be ordered to show cause why this action should not be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that petitioner show cause, within twenty-one days, why this action should not be dismissed.

DATED:  December 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dime3231.101a

---

[1] Petitioner is advised that the filing fee for a civil rights complaint is $350.00.  Prisoners proceeding in forma pauperis are required to pay the filing fee, 28 U.S.C. 1915(g), which the court orders deducted from the inmate's trust account.