```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10   CATHERINE DIMECURIO,
11               Petitioner,              No. 2:11-cv-3231 KJN P
12         vs.
13   YOLO COUNTY,
14               Respondent.              ORDER
15                                    /
```

16          Petitioner is presently held in the Yolo County Jail.  Petitioner is proceeding

17  without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

19          On December 21, 2011, petitioner filed an application to proceed in forma

20  pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to

21  afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.

22  See 28 U.S.C. § 1915(a).

23          On December 14, 2011, petitioner was ordered to show cause, within twenty-one

24  days, why this action should not be dismissed as petitioner is not seeking habeas relief.  On

25  December 21, 2011, petitioner filed a document reiterating her claim that she is being denied the

26  opportunity to participate in a rehabilitation program, and now claims she is also being denied

the opportunity to participate in a work release program.  (Dkt. No. 5 at 1.)

This court has the authority to dismiss habeas actions *sua sponte* under the Rules Governing § 2254 Cases in the United States District Courts.  See 28 U.S.C. foll. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also Docken v. Chase, 393 F.3d 1024, 1025 n.1 (9th Cir. 2004) (recognizing a district court's authority under Rule 4 to dismiss habeas petitions for failure to state a claim).

Here, petitioner was ordered to show cause why the action should not be dismissed.  Petitioner did not address her underlying conviction, nor dispute the court's view that petitioner was not challenging her criminal conviction or the duration of her confinement.

As petitioner was previously informed, federal courts may intervene in the state judicial process only to correct constitutional violations.  Engle v. Isaac, 456 U.S. 107 (1983).  A federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has stated that federal habeas corpus relief does not lie for errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Estelle v. McGuire, 502 U.S. 62 (1991).

Here, petitioner is not alleging she is "in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner is not challenging her conviction or sentence.  Rather, petitioner contends she is not being transferred to a particular housing unit to be able to participate in work study.  (Dkt. No. 1 at 3.)  It is well established that an inmate has no right to be held at any particular prison, or at any particular level of custody.  Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976).  This limitation is true even if the conditions of confinement change radically because of transfer or placement.  Olim, 461 U.S. at 238; Meachum, 427 U.S. at 215.  Thus, the failure of respondent to place petitioner in a particular housing unit does not violate a constitutional right.

1    Petitioner also alleges she is not receiving rehabilitation for her addiction.
2 However, prisoners have no general constitutional right to participate in a specific rehabilitation
3 program.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (an inmate has no legitimate
4 statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke
5 due process when eligibility decision is discretionary with prison officials).  The Ninth Circuit
6 has also held that there is no constitutional right to a prisoner's rehabilitation under the
7 Fourteenth Amendment.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty
8 interest in remaining at San Quentin); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982),
9 abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Other circuits
10 have reached the same conclusion.  See, e.g., Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir.
11 1982) ("[F]ailure to provide a rehabilitation . . . does not, by itself, constitute cruel and unusual
12 punishment."); Fiallo v. de Batista, 666 F.2d 729, 730 (1st Cir. 1981) (inmates have no
13 constitutional right to rehabilitation programs such as treatment for addictions); Solomon v.
14 Benson, 563 F.2d 339, 342 (7th Cir.1977) ("[A] prisoner has no statutory or constitutional
15 entitlement in classification and rehabilitative programs sufficient to invoke due process.").
16 Thus, petitioner's claim of a constitutionally-protected right to participate in rehabilitation for
17 alcohol addiction has no legal basis.

18    Similarly, petitioner's claim that she is being denied the opportunity to participate
19 in a work release program fails as well.  Inmates have no constitutional right to work.  Baumann
20 v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985).  Because petitioner does not
21 have a constitutional right to a prison job, petitioner fails to state a cognizable civil rights claim.

22    Because this action does not sound in habeas, it should be dismissed.  The court
23 has discretion to construe the petition as a civil rights complaint.  See Wilwording v. Swenson,
24 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking
25 conditions of confinement as a complaint under section 1983 despite deliberate choice by
26 petitioner to proceed on habeas), superseded by statute on other grounds as recognized in

1  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  In this case, the court will not construe petitioner's
2  filing as a civil rights complaint, as the allegations set forth in the petition fail to state a
3  cognizable civil rights claim.[1]  In addition, in filing a civil rights action, petitioner will incur a
4  $350.00 filing fee, even if petitioner is indigent and granted leave to proceed in forma pauperis.
5  28 U.S.C. § 1915(g).

      Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner's application to proceed in forma pauperis is granted; and

      2. This action is dismissed.

DATED: January 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dime3231.dm

---

[1] Moreover, it is unclear whether petitioner first exhausted her administrative remedies in connection with her claims.  The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.